UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DEBORAH ELAINE THOMAS** | **CASE NO. 6:20-CV-01443** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **COMMISSIONER OF SOCIAL SECURITY** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is an appeal of the Commissioner's finding of non-disability. Considering the administrative record, the briefs of the parties, and the applicable law, it is recommended that the Commissioner's decision be AFFIRMED.

### ADMINISTRATIVE PROCEEDINGS

The claimant, Deborah Elaine Thomas, fully exhausted her administrative remedies prior to filing this action in federal court. The claimant filed an application for disability insurance benefits ("DIB") or disabled widow's insurance benefits, alleging disability beginning on July 1, 2016.[1] Her applications were denied.[2] The

---

[1] See Administrative Record, attached to the Commissioner's Answer, Rec. Doc. 11 at 188.

[2] Rec. Doc. 11 at 49-60.

1

claimant requested a hearing,[3] which was held on April 3, 2020 before Administrative Law Judge Lantz McLain.[4] The ALJ issued a decision on April 13, 2020,[5] concluding that the claimant was not disabled within the meaning of the Social Security Act ("the Act") from July 1, 2016 through the date of the decision. The claimant asked for review of the decision, but the Appeals Council concluded on September 11, 2020, that no basis existed for review of the ALJ's decision.[6] Therefore, the ALJ's decision became the final decision of the Commissioner for the purpose of the Court's review pursuant to 42 U.S.C. § 405(g). The claimant then filed this action seeking review of the Commissioner's decision.

## SUMMARY OF PERTINENT FACTS

The claimant was born on September 3, 1965.[7] At the time of the ALJ's decision, she was 54 years old. She completed 11th grade and obtained a GED certification and an associate's degree.[8] She has past relevant work experience as an

---

[3] Rec. Doc. 11 at 64-65.

[4] The hearing transcript is found at Rec. Doc. 11 at 23-47.

[5] Rec. Doc. 11 at 10-17.

[6] Rec. Doc. 11 at 1-3.

[7] Rec. Doc. 11 at 188.

[8] Rec. Doc.11 at 27; 212.

insurance agent.[9] She alleges that she has been disabled since July 1, 2016 [10] due to severe back pain, high blood pressure, high cholesterol, acid reflux, and anxiety/panic attacks.[11]

## ANALYSIS

### A. STANDARD OF REVIEW

Judicial review of the Commissioner's denial of disability benefits is limited to determining whether substantial evidence supports the decision and whether the proper legal standards were used in evaluating the evidence.[12] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[13] Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will only be found when there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'"[14]

---

[9] Rec. Doc. 11 at 213.

[10] Rec. Doc. 11 at 208.

[11] Rec. Doc. 11 at 211.

[12] *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

[13] *Villa v. Sullivan*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).

[14] *Hames v. Heckler*, 707 F.2d at 164 (quoting *Hemphill v. Weinberger*, 483 F.2d 1137. 1139 (5th Cir. 1973), and *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973)).

If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.[15] In reviewing the Commissioner's findings, a court must carefully examine the entire record, but refrain from re-weighing the evidence or substituting its judgment for that of the Commissioner.[16] Conflicts in the evidence and credibility assessments are for the Commissioner to resolve, not the courts.[17] Four elements of proof are weighed by the courts in determining if substantial evidence supports the Commissioner's determination: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) the claimant's age, education and work experience.[18]

**B.    <u>Entitlement to Benefits</u>**

The Disability Insurance Benefit ("DIB") program provides income to individuals who are forced into involuntary, premature retirement, provided they are

---

[15]    42 U.S.C. § 405(g); *Martinez v. Chater*, 64 F.3d at 173; *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

[16]    *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Villa v. Sullivan*, 895 F.2d at 1021; *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Carey v. Apfel*, 230 F.3d at 135; *Boyd v. Apfel,* 239 F.3d 698, 704 (5th Cir. 2001).

[17]    *Martinez v. Chater*, 64 F.3d at 174.

[18]    *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991); *Martinez v. Chater*, 64 F.3d at 174.

both insured and disabled, regardless of indigence.[19] Every individual who meets certain income and resource requirements, has filed an application for benefits, and is determined to be disabled is eligible to receive Supplemental Security Income ("SSI") benefits.[20]

The term "disabled" or "disability" means the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[21] A claimant shall be determined to be disabled only if his physical or mental impairment or impairments are so severe that he is unable to not only do his previous work, but cannot, considering his age, education, and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if he applied for work.[22]

---

[19] See 42 U.S.C. § 423(a).

[20] 42 U.S.C. § 1382(a)(1) & (2).

[21] 42 U.S.C. § 1382c(a)(3)(A).

[22] 42 U.S.C. § 1382c(a)(3)(B).

5

### C.     <u>Evaluation Process and Burden of Proof</u>

The Commissioner uses a sequential five-step inquiry to determine whether a claimant is disabled. This process required the ALJ to determine whether the claimant (1) is currently working; (2) has a severe impairment; (3) has an impairment listed in or medically equivalent to those in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) is able to do the kind of work he did in the past; and (5) can perform any other work at step five.[23] If it is determined at any step of that process that a claimant is or is not disabled, the sequential process ends. "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis."[24]

Before going from step three to step four, the Commissioner assesses the claimant's residual functional capacity[25] by determining the most the claimant can still do despite his physical and mental limitations based on all relevant evidence in the record.[26] The claimant's residual functional capacity is used at the fourth step to

---

[23]     20 C.F.R. § 404.1520; see, e.g., *Wren v. Sullivan*, 925 F.2d at 125; *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 271-72 (5th Cir. 2002); *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

[24]     *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), cert. den. 914 U.S. 1120 (1995) (quoting *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987)).

[25]     20 C.F.R. § 404.1520(a)(4).

[26]     20 C.F.R. § 404.1545(a)(1).

determine if he can still do his past relevant work and at the fifth step to determine whether he can adjust to any other type of work.[27]

The claimant bears the burden of proof on the first four steps.[28] At the fifth step, however, the Commissioner bears the burden of showing that the claimant can perform other substantial work in the national economy.[29] This burden may be satisfied by reference to the Medical-Vocational Guidelines of the regulations, by expert vocational testimony, or by other similar evidence.[30] If the Commissioner makes the necessary showing at step five, the burden shifts back to the claimant to rebut this finding.[31] If the Commissioner determines that the claimant is disabled or not disabled at any step, the analysis ends.[32]

---

[27] 20 C.F.R. § 404.1520(e).

[28] *Perez v. Barnhart*, 415 F.3d at 461; *Masterson v. Barnhart*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d at 453.

[29] *Perez v. Barnhart*, 415 F.3d at 461; *Masterson v. Barnhart*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d at 453.

[30] *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

[31] *Perez v. Barnhart*, 415 F.3d at 461; *Masterson v. Barnhart*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d at 453.

[32] *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992), citing *Johnson v. Bowen*, 851 F.2d 748, 751 (5th Cir. 1988). See, also, 20 C.F.R. § 404.1520(a)(4).

D.     THE ALJ'S FINDINGS AND CONCLUSIONS

In this case, the ALJ determined that the claimant meets the insured status requirements of the Act through March 31, 2017. The ALJ noted that the claimant is an unmarried widow of the deceased insured worker and has attained the age of 50. The claimant met the non-disability requirements for disabled widow's benefits set forth in Section 202(e) of the Social Security Act, and the prescribed period ends on August 31, 2025.

The ALJ determined, at step one, that the claimant has not engaged in substantial gainful activity since July 1, 2016, the alleged onset date.[33] This finding is supported by the evidence in the record.

At step two, the ALJ found that the claimant has the following severe impairments: degenerative disc disease of the lumbar spine.[34] This finding is supported by the evidence in the record.

At step three, the ALJ found that the claimant has no impairment or combination of impairments that meets or medically equals the severity of a listed impairment.[35] The claimant does not challenge this finding.

---

[33]     Rec. Doc. 11 at 13.

[34]     Rec. Doc. 11 at 13.

[35]     Rec. Doc. 11 at 14.

The ALJ found that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b), with no non-exertional limitations.[36] The claimant challenges this finding.

At step four, the ALJ found that the claimant is capable of performing her past relevant work.[37] The claimant challenges this finding.

At step five, the ALJ found that the claimant was not disabled from July 1, 2016 through April 13, 2020, the date of the decision, because there are jobs in the national economy that she can perform.[38] The claimant challenges this finding.

E.  THE ALLEGATIONS OF ERROR

The claimant broadly challenges the ALJ's determination of non-disability, arguing that there is not substantial evidence in the record to support the ALJ's findings that she can perform the full range of light work and that she can perform her past relevant work as an insurance agent.

As the Commissioner points out, the burden is on the claimant to show that she is disabled, not on the Agency to show that the claimant is not as limited as she

---

[36]    Rec. Doc. 11 at 14.

[37]    Rec. Doc. 11 at 16.

[38]    Rec. Doc. 11 at 17.

claims.[39] Furthermore, when an application is denied because of the ALJ's factual findings, courts can review only to determine whether "substantial evidence" supported the ALJ's decision.[40] "Substantial evidence" means enough evidence "that a reasonable mind might accept it as adequate to support a conclusion."[41] A court "cannot reweigh the evidence, try the issues de novo, or substitute our judgement for that of the [Social Security Administration]."[42]

At her administrative hearing, the claimant testified that she has severe back pain and arthritis in her hands, knees, and hips. She testified that she can stand for 3-5 minutes with no pain, and can sit for 10-15 minutes. She can recline in a recliner for 45 minutes. The claimant testified that her legs shake when she walks too much. She testified that she cannot lift; shop for groceries; play with her young grandchildren; pick up a gallon of milk; and walk further than from her driveway to her mailbox without pain. The claimant testified that her medications make her tired, nauseated and lightheaded, give her headaches, and do not fully relieve her pain. The claimant testified that it takes her one hour to climb the stairs at her daughter's

---

[39] *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) ("A claimant bears the burden of proving that he suffers from a disability…").

[40] *Murray v. Astrue*, 419 Fed. App'x 539, 541 (5th Cir. 2011), *citing* 42 U.S.C. § 405(g).

[41] *Randall v. Sullivan,* 956 F.2d 105, 109 (5th Cir.1992) (citation omitted).

[42] *Murray*, 419 Fed. App'x at 541, *citing Randall*, 956 F.2d at 109.

house, where she lives; she drives once a day and the drive lasts 3-4 minutes. She does no household chores, cooking, or cleaning. Despite the foregoing, the claimant testified that she works part-time as a caregiver for 5 hours per day, 5 days per week, but that she and her companion do not engage in any activity and only watch television. She also testified that she goes to church.[43]

The ALJ determined that the objective medical evidence in the record only partially supports the alleged severity of the claimant's impairments. The ALJ acknowledged that some physical examinations showed some instances of impairments causing pain, but that most objective medical findings were within normal limits. A January 2, 2018 MRI of the claimant's lumbar spine was deemed "negative" by the examining physician, with no disc space narrowing and normal lumbar segments except for an hemangioma within the L4 vertebral body, and no misalignment.[44] On February 14, 2018, the claimant complained of pain in her cervical and lumbar spine. While the examining physician noted that the claimant had limited range of motion and strength deficits, he further noted that she was a good candidate for physical therapy rehabilitation to improve functioning.[45]

---

[43] Rec. Doc. 11 at 30-44.

[44] Rec. Doc. 11 at 308-09.

[45] Rec. Doc. 11 at 313.

Physical therapy records from February 2018 show that the claimant had full range of motion and was able to ambulate without assistive devices.[46]

On October 9, 2018, the claimant had positive straight leg raises, decreased lumbar range of motion, and paraspinal tenderness.[47] While the record shows an instance in February 2019 where the claimant was noted to have decreased lumbar spine motion and a slow, deliberate gait,[48] the following month, on March 26, 2019, the claimant had a normal, full range of motion.[49] On November 25, 2019, the claimant evidenced restricted rotation, limited extension with increased low back pain, and increased pain in the left SI joint with rotary extension.[50] On both of these occasions, the claimant was prescribed medication and on some occasions, she received pain injections. In December 2019 and March 2020, the claimant was noted to be ambulating without an assistive device and "moving easily and freely."[51]

---

[46] Rec. Doc. 11 at 16, 310, 365-366, 370-371, 374-375, 378-379, 399, 401, 403-404, 406, 408, 410, 413, 417, 419, 421, 423, 429, 437, 440, 453).

[47] Rec. Doc. 11 at 362.

[48] Rec. Doc. 11 at 425-26.

[49] Rec. Doc. 11 at 423.

[50] Rec. Doc. 11 at 265-69.

[51] Rec. Doc. 11 at 450, 453.

After a review of the record, the undersigned concludes that substantial evidence supports the ALJ's conclusion that the objective medical evidence in the record is inconsistent with the degree of impairment and the level of pain claimed by the claimant. For instance, at her administrative hearing, the claimant testified that she cannot stand for more than 5 minutes, perform any lifting, or sit for more than 15 minutes.[52] However, the ALJ noted in his ruling that the plaintiff also testified at the hearing that she works five hours per day, five days per week, as a personal companion for an elderly woman.[53] The plaintiff also testified that she goes to church.

The claimant argues that the ALJ should not have considered her part-time work, arguing that this work does not rise to the level of substantial gainful activity. This argument is not persuasive. As an initial matter, it is proper for the ALJ to resolve conflicts in the record.[54] Here, the conflict between the claimant's testimony concerning her level of pain and limitations and the fact that she works 25 hours per week was properly resolved by the ALJ. Additionally, although the ALJ recognized that the claimant's earnings from her part-time work are below the threshold of

---

[52] Rec. Doc. 11 at 33.

[53] Rec. Doc. 11 at 14-15, 28-29.

[54] *See, e.g., Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (conflicts in the evidence are for the Commissioner to decide); *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990) (accord).

13

substantial gainful activity, the ALJ also properly considered the claimant's ability to perform the work activity in question in making his findings.[55]

Furthermore, the ALJ properly noted that the claimant's claimed limitations are not consistent with the treatment records showing that she had normal ambulation, motor strength and sensation. If an individual's statements about the intensity, persistence, and limiting effects of symptoms are inconsistent with the objective medical evidence and the other evidence, the Commissioner will determine that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities.[56]

The claimant also takes issue with the ALJ's findings that she can do her past relevant work as an insurance agent, arguing that she cannot handle the physical demands of such a job on a sustained basis, invoking *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). The Commissioner argues, however, and this Court agrees, that *Singletary* does not always require a specific finding that the claimant can hold a job

---

[55] *See, e.g., Murray*, 419 Fed. App'x at 541 (ALJ is entitled to consider that during the period she claimed to be disabled, claimant worked part-time assisting her neighbor and could continue to perform similar tasks in the future), *citing Vaughan v. Shalala,* 58 F.3d 129, 131 (5th Cir.1995) (*per curiam*). *See also Porche v. Astrue*, 2013 WL 4046271, at *4 (M.D. La. Aug. 8, 2013) (evidence of part-time work that does not satisfy the definition of substantial gainful activity is relevant in assessing the plaintiff's credibility, RFC and ability to work).

[56] *See* Social Security Ruling 16-3P, 2017 WL 5180304 (S.S.A. Oct. 25, 2017).

for a significant period of time. In *Patterson v. Astrue*, 324 F. App'x 419, 422 (5th Cir. 2009), the Fifth Circuit clarified *Singletary*, explaining:

> [A]bsent evidence that a claimant's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter, or an indication that the ALJ did not appreciate that an ability to perform work on a regular and continuing basis is inherent in the definition of [residual functional capacity] we do not ... require a specific finding that the claimant can maintain employment.

*citing Dunbar v. Barnhart,* 330 F.3d 670, 672 (5th Cir.2003); *see also Perez v. Barnhart,* 415 F.3d 457, 465 (5th Cir.2005). Separate consideration of a claimant's ability to maintain employment is needed only where there is "a situation which, by its nature, the claimant's [impairment] waxes and wanes in its manifestation of disabling symptoms."[57] In the absence of such a situation, the claimant's ability to maintain employment will generally be subsumed in the RFC finding, and no separate finding as to the ability to maintain employment is required.[58] Further, evidence that a claimant might have "good days" and "bad days" does not, by itself, require an explicit finding regarding the claimant's ability to maintain employment.[59]

---

[57] *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003).

[58] *Id.* at 619-20.

[59] *Perez*, 415 F.3d at 465.

Here, the vocational expert ("VE") testified that an individual with the residual functional capacity assessed by the ALJ – which included a limitation to light work, with the ability to occasionally lift or carry 20 pounds and frequently carry 10 pounds; stand and/or walk at least 6 hours in an 8-hour workday -- and with the claimant's age, education and work experience, would be able to perform the claimant's past work as an insurance agent as generally and actually performed.[60] In relying on the testimony of the VE, the ALJ assessed the claimant's credibility with respect to her subjective complaints. The ALJ properly considered the record as a whole, including the available medical evidence and the nature and extent of the claimant's daily activities, in determining that the claimant's subjective complaints were not fully credible.[61] The claimant has not identified any evidence that would indicate a separate finding addressing her ability to maintain employment was required under *Frank* or *Dunbar*, and the undersigned concludes that the ALJ's credibility findings with respect to the claimant's subjective complaints are supported by substantial evidence.

---

[60] Rec. Doc. 11 at 45-46.

[61] *Hoelck v. Astrue*, 261 F. App'x 683, 686 (5th Cir. 2008), *citing Hollis v. Bowen,* 837 F.2d 1378, 1384–85 (5th Cir.1988) (explaining that the lack of objective factors supporting subjective allegations of pain were properly considered in determining credibility); *see also Leggett v. Chater,* 67 F.3d 558, 565 (5th Cir.1995) (considering a plaintiff's daily activities as support for the ALJ's findings that the plaintiff was capable of performing past relevant work).

For the foregoing reasons, the undersigned concludes that substantial evidence in the record supports the ALJ's findings

## CONCLUSION AND RECOMMENDATION

The undersigned finds that the ALJ applied appropriate legal standards in ruling on this case, and the ALJ's findings are based on substantial evidence in the record. Accordingly,

**IT IS THE RECOMMENDATION** of the undersigned that the decision of the Commissioner be **AFFIRMED** and this matter dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after receipt of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of receipt, or within the time frame authorized by Fed. R. Civ. P. 6(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 24th day of June, 2022.

Carol B. Whitehurst
United States Magistrate Judge